UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDY M. LIANG,

      Plaintiff,                 Case No. 18-12612
                                     Hon. George Caram Steeh

v                                        Mag. Judge Elizabeth A. Stafford

POLICE DEPARTMENT OF
FARMINGTON HILLS, 47TH
DISTRICT COURT, LAW OFFICES
OF DERRICK E. GEORGE, P.C.,
STATE OF MICHIGAN UNIFORM
LAW CITATION,

      Defendants.

_____/

| | |
|---|---|
| BRANDY M. LIANG | JOHNSON, ROSATI, |
| In Pro Per Plaintiff | SCHULTZ & JOPPICH, PC |
| 31217 Country Ridge Circle | By:   Kenneth G. Galica (P27275) |
| Farmington Hills, MI 48331 | Daniel A. Klemptner (P68691) |
| | Michael D. Hanchett (P80974) |
| | Attorneys for Defendants Farmington |
| | Hills Police Department and 47th |
| | District Court |
| | 27555 Executive Drive, Suite 250 |
| | Farmington Hills, MI  48331 |
| | (248) 489-4100 |
| | kgalica@jrsjlaw.com |
| | dklemptner@jrsjlaw.com |
| | mhanchett@jrsjlaw.com |

_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS

Defendants, THE POLICE DEPARTMENT OF FARMINGTON HILLS and the 47TH DISTRICT COURT, by and through their attorneys, JOHNSON, ROSATI, SCHULTZ, & JOPPICH, P.C., move this Honorable Court for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons stated in the attached Brief in Support.

Defendants sought concurrence in this Motion from Plaintiff on, September 10, 2018 pursuant to Local Rule 7.1, and concurrence was not obtained. Defendants therefore respectfully request that this Honorable Court grant their Motion for Judgment on the Pleadings and dismiss all claims in their entirety with prejudice, and award Defendants their costs and attorney fees so wrongfully incurred in defending this action.

JOHNSON, ROSATI, SCHULTZ
& JOPPICH, P.C.

s/ KENNETH G. GALICA
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331-3550
kgalica@jrsjlaw.com
(248) 489-4100
(P27275)

Dated: September 11, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDY M. LIANG,

       Plaintiff,              Case No. 18-12612
                               Hon. George Caram Steeh
v                             Mag. Judge Elizabeth A. Stafford

POLICE DEPARTMENT OF
FARMINGTON HILLS, 47TH
DISTRICT COURT, LAW OFFICES
OF DERRICK E. GEORGE, P.C.,
STATE OF MICHIGAN UNIFORM
LAW CITATION,

       Defendants.

_____/

| BRANDY M. LIANG | JOHNSON, ROSATI, |
|---|---|
| In Pro Per Plaintiff | SCHULTZ & JOPPICH, PC |
| 31217 Country Ridge Circle | By:   Kenneth G. Galica (P27275) |
| Farmington Hills, MI 48331 | Daniel A. Klemptner (P68691) |
| | Michael D. Hanchett (P80974) |
| | Attorneys for Defendants Farmington |
| | Hills Police Department and 47th |
| | District Court |
| | 27555 Executive Drive, Suite 250 |
| | Farmington Hills, MI  48331 |
| | (248) 489-4100 |
| | kgalica@jrsjlaw.com |
| | dklemptner@jrsjlaw.com |
| | mhanchett@jrsjlaw.com |

_____/


**BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS**

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES........................................................................... ii

STATEMENT OF FACTS .............................................................................1

STANDARD OF REVIEW ............................................................................2

ARGUMENT .................................................................................................3

  **I.**    **The Farmington Hills Police Department is not a proper Defendant** ......3

**II.**    **Plaintiff cannot establish municipal liability** ................................................4

**III.**    **Plaintiff's state law claims are barred by governmental immunity** .........6

**IV.**    **The Court should dismiss any potential claims against the individual Defendants** ....................................................................................9

**V.**    **Plaintiffs' claims are barred by the Rooker-Feldman Doctrine** .............11

CONCLUSION ...........................................................................................12

## <u>INDEX OF AUTHORITIES</u>

**Cases**

*Anderson v. Creighton*, 483 U.S. 635, 638, 107 S. Ct. 3034 (1987) ........................9

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)........................................................2

*Barcume v. Flint*, 819 F. Supp. 631, 654 (E.D. Mich. 1993) ...............................4

*Bd. of Comm'rs v. Brown*, 520 U.S. 397, 410 (1997) ...........................................5, 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)......................................2

*Boykin v Van Buren Twp.*, 479 F3d 444, 450 (6th Cir. 2007) ..................................3

*Canton v. Harris*, 489 US 378, 388 (1989) ..........................................................5, 6

*Coleman v. Kootsillas*, 456 Mich. 615.......................................................................7

*Eichhorn v. Lamphere School Dist.*, 166 Mich. App. 527 (1988)............................7

*Exxon Mobil Co. v Saudi Basic Indus. Co.,* 544 U.S. 280, 284; 125 S. Ct. 1517
(2005) ........................................................................................................................11

*Garner v. Memphis PD*, 8 F.3d 358, 364 (6th Cir. 1993)........................................4

*Harlow v. Fitzgerald*, 457 US 800, 818, 102 S.Ct. 2727(1982)...............................9

*Harrison v. Director of Dep't of Corrections*, 194 Mich. App. 446(1992)..............7

*Haverstick Enterprises, Inc v Financial Federal Credit, Inc*, 32 F3d 989,
992 (6th Cir 1994)......................................................................................................3

*Hunter v. Bryant*, 502 U.S. 224, 112 S. Ct. 534 (1991)...........................................9

*Maskery v. University of Michigan Bd. of Regents*, 468 Mich. 609 ........................7

*Michonski v City of Detroit*, 162 Mich. App. 485, 490 (1987) ................................3

*Monell v. Dep't of Social Services*, 436 U.S. 658, 695 (1978) .................................4

ii

*Moomey v City of Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980)....................3

*Nawrocki v. Macomb County Rd. Comm'n and Evans v. Shiawassee County Rd. Comm'rs*, 463 Mich. 143 ..........................................................................................7

*Odom v. Wayne Co.*, 482 Mich. 459 (2008) ...........................................................10

*Oklahoma v. Tuttle*, 471 U.S. 808, 824 (1985)........................................................4

*Payton v. City of Detroit,* 211 Mich. App. 375 (1995)...........................................11

*Pearson v Callahan,* 555 US 223, 231 (2009).........................................................10

*Pierzynowski v Police Dept of City of Detroit*, 941 F. Supp. 633, 637 n 4 (E.D. Mich. 1996)................................................................................................................3

*Rich v. City of Mayfield Hgts.*, 955 F.2d 1092, 1095 (6th Cir. 1992) ....................10

*Robinson v. Detroit*, 462 Mich. 439, 462 (2000).....................................................10

*Rondigo v. Twp. of Richmond*, 641 F.3d 673 (6th Cir. 2011)...................................3

*Ross v. Consumers Power Co.*, 420 Mich. 567, 618 (1984).....................................7

*Somers v Charter Twp. of Clayton Police Dept*, 2014 WL 897353, 8 (E.D. Mich. 2014) ..........................................................................................................................3

*Stanton v. City of Battle Creek*, 466 Mich. 611 .......................................................7

*Tate v. Grand Rapids*, 256 Mich. App. 656, 661......................................................8

*Vargo v. Sauer*, 457 Mich. 49 ..................................................................................7

**Statutes and Ordinances**

MCL 691.1402..............................................................................................................7

MCL 691.1405..............................................................................................................7

MCL 691.1406 .................................................................................................7

MCL 691.1407(1) ............................................................................................6

MCL 691.1407(2) ..........................................................................................10

MCL 691.1407(4) ............................................................................................7

MCL 691.1407(8)(a) ......................................................................................10

MCL 691.1413 .................................................................................................7

MCR 2.201 (C)(5) ...........................................................................................3

28 USC §2254 ...............................................................................................12

**Rules**

Fed. R. Civ. P. 12(b)(6)...............................................................................2, 9

Fed. R. Civ. P. 56 ...........................................................................................3

## STATEMENT OF FACTS

In Plaintiff, Brandy Liang alleges two interactions with the Farmington Hills Police Department.  First, on June 17, 2018, Plaintiff was charged with domestic violence when she threw a wedge sandal and a vacuum at her husband. **Exhibit 1**- <u>Plaintiff's Complaint</u>[1].  Second, on July 24, 2018, Plaintiff was charged with larceny from a building. **Exhibit 1**.  From these two incidents, Plaintiff alleges in her complaint "discrimination, sexism, racism, violation of my constitutional amendments and civil rights, malicious intent, legal official malpractice, police misconduct, false reports and unethical charge regarding situation that occurred." **Exhibit 1**.

Plaintiff alleges that the Farmington Hills Police Department attempted to "frame" her as a criminal. **Exhibit 1**.  Plaintiff claims that she was never read her Miranda Rights and that the officers made false statements regarding the incident. **Exhibit 1**.  While Plaintiff alleges she was not read her Miranda Rights, she states that she was informed that she had the right to an attorney. **Exhibit 1**.  Plaintiff does not assert any other facts that would give rise to a specific deprivation of her constitutional rights.

---

[1] Plaintiff's Complaint does not contain page numbers or paragraph numbers. Therefore, we unfortunately are only able to refer to the Complaint generally and without specific references.

1

As to the 47th District Court, Plaintiff alleges "defamation and negligence" against Judge Brady of the 47th District Court. **Exhibit 1**.  Plaintiff claims that she was "framed" and that she requests that her "entire legal record over the past 5 years including driving, traffic tickets, police reports and all legal charges be expunged." **Exhibit 1**.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Although Rule 12(b)(6) requires the Court to accept all well-pleaded factual allegations as true, the Court need not accept legal conclusions as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  To survive a Rule 12(b)(6) motion, the Complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice.  *Ashcroft*, 556 U.S. at 678.  Only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*  Where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.  *Id.*  A plaintiff must plead factual allegations that allow the Court

2

to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556.

The Court may consider public records and items appearing in the record of this case without converting this motion into a motion for summary judgment under Fed. R. Civ. P. 56. *Rondigo v. Twp. of Richmond*, 641 F.3d 673 (6th Cir. 2011).

## ARGUMENT

### I.     The Farmington Hills Police Department is not a proper Defendant.

The Farmington Hills Police Department is not an entity capable of being sued. MCR 2.201 (C)(5); *See also e.g. Moomey v City of Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980); and *Haverstick Enterprises, Inc v Financial Federal Credit, Inc*, 32 F3d 989, 992 (6th Cir 1994). Specifically, city departments are not separate legal entities capable of being sued. *Michonski v City of Detroit*, 162 Mich. App. 485, 490 (1987); *Pierzynowski v Police Dept of City of Detroit*, 941 F. Supp. 633, 637 n 4 (E.D. Mich. 1996); *Boykin v Van Buren Twp.*, 479 F3d 444, 450 (6th Cir. 2007); *Somers v Charter Twp. of Clayton Police Dept*, 2014 WL 897353, 8 (E.D. Mich. 2014).

Therefore, since Plaintiff has sued the Farmington Hills Police Department and it is not an entity cable of being sued, the suit against it should be dismissed.

3

## II.    Plaintiff cannot establish municipal liability.

To establish a claim against a municipal defendant Plaintiff must show that, through a recognized custom or policy, the entity was the "moving force" behind a deprivation of her constitutionally-protected rights.  *Monell v. Dep't of Social Services*, 436 U.S. 658, 695 (1978).  A governmental entity cannot be held liable under §1983 on a *respondeat superior* theory.  *Monell,* 436 U.S. at 691.  Rather, municipalities are responsible under §1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" alleged by the plaintiff.  *Id.* at 694.  Moreover, Plaintiff must show that the course of conduct was "so permanent and well settled as to virtually constitute law." *Barcume v. Flint*, 819 F. Supp. 631, 654 (E.D. Mich. 1993).  There must be sufficient evidence to establish the necessary causal link between the custom or policy and the deprivation of the constitutionally-protected rights. *Oklahoma v. Tuttle*, 471 U.S. 808, 824 (1985). Specifically, a plaintiff must identify the objectionable custom and show how she incurred a particular injury from the execution of that policy.  *Garner v. Memphis PD*, 8 F.3d 358, 364 (6th Cir. 1993).

While a failure to implement necessary training can constitute official policy, "the inadequacy of [police officers'] training may serve as a basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of

persons with whom the [officers] come into contact." *Canton v. Harris*, 489 US 378, 388 (1989). "[T]he need for more or different training [must be] so obvious and the inadequacies so likely to result in the violation of constitutional rights, that the policy-makers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390. "'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 410 (1997).

Plaintiff fails to identify *any* unconstitutional customs, policies, or procedures maintained by either Defendant. Furthermore, it is obvious that Plaintiff seeks to establish liability against the Police Department solely via the alleged unconstitutional conduct of its police officers, and against the 47th District Court for the alleged conduct by one of its judges. Not only does Plaintiff attempt to establish liability for actions of an employee, she does even show any unconstitutional conduct by these employees. Where there is no constitutional violation by a municipal employee, a claim of municipal liability under §1983 "necessarily fails." *Blackmore*, 390 F.2d at 900.

Further, Plaintiff has failed to allege that the Farmington Hills Police Department maintained a constitutionally deficient training program that was the moving force of any injury. Simply put, she has not pled the existence of any custom, policy, or practice of the Farmington Hills Police Department at all. Consequently,

5

Plaintiff cannot show that the Police Department's training curriculum, demonstrates deliberate indifference to the rights of individuals with whom its personnel encounter. *See e.g. Canton,* 489 U.S. at 388 (1989).

Finally, Plaintiff has not alleged any evidence that would show a pattern, practice, or custom of the Defendants which caused a violation of her rights.  There is no evidence of past interactions between the Defendants and the public which would have placed them on notice that there was some inadequate practice or policy. Only where policy-makers were aware of, and acquiesced to, a *pattern* of constitutional violations can a failure to train theory become the basis for municipal liability. The lack of any pattern of wrongful conduct by its officers confirms there was no indicia of a need for a new practice or better training. Municipal liability cannot be established. *See e.g. Brown, supra.*

### III.    Plaintiff's state law claims are barred by governmental immunity.

Any claims for a violation of state law are barred by governmental immunity. When a governmental agency is engaged in the exercise or discharge of a governmental function the Governmental Tort Liability Act ("GTLA") provides broad immunity from tort liability, "except as otherwise provided in this act." MCL 691.1407(1).  A governmental function is any activity that is expressly or impliedly mandated or authorized by the constitution, statute, or other law. *Harrison v.*

6

*Director of Dep't of Corrections*, 194 Mich. App. 446(1992); *Eichhorn v. Lamphere School Dist.*, 166 Mich. App. 527 (1988).

The potential statutory exceptions to governmental immunity are those set forth in the GTLA itself, including MCL 691.1402 (the highway exception), MCL 691.1405 (the motor vehicle exception), MCL 691.1406 (the public building exception), MCL 691.1413(the proprietary exception), and MCL 691.1407(4)(the ownership or operation of a government hospital).   These exceptions to governmental immunity are narrowly drawn and construed. *Ross v. Consumers Power Co.*, 420 Mich. 567, 618 (1984); see also *Nawrocki v. Macomb County Rd. Comm'n and Evans v. Shiawassee County Rd. Comm'rs*, 463 Mich. 143 (highway defect); *Maskery v. University of Michigan Bd. of Regents*, 468 Mich. 609 (public building defect); *Vargo v. Sauer*, 457 Mich. 49 (operation of public hospital); *Coleman v. Kootsillas*, 456 Mich. 615 (proprietary function); *Stanton v. City of Battle Creek*, 466 Mich. 611 (negligent operation of publicly owned motor vehicle).

As readily apparent in the Complaint, the Defendants were engaged in the exercise of a government function.  A governmental function is "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." *Maskery v. University of Michigan Bd. Of Regents*, 468 Mich. 609, 613-14.  A determination of whether an activity is a governmental

function must focus on the general activity and not the specific conduct involved at the time of the tort. *Tate v. Grand Rapids*, 256 Mich. App. 656, 661.

Here, it is undisputed that the individuals were acting within their official capacity and were performing their official duties at all times identified in Plaintiff's Complaint. All of the Defendants were serving as either Farmington Hills officers or District Court employees. All of the facts alleged against individuals from the Police Department related to officers performing their official duties as police officers by investigating criminal activity. As to the 47th District Court, while it is not clear what actions Judge Brady took, all of the facts alleged against him seem to stem from his actions on the bench. Therefore, all of these actions by the officers and Judge Brady are governmental functions.

Moreover, none of the potential governmental immunity exceptions even remotely apply to the Plaintiff's allegations. Plaintiff's Complaint contains no allegations of a failure to maintain or repair highways or roads of any kind around the disputed property, nor the operation of any government owned vehicles[2]. Furthermore, there is no property at issue in Plaintiff's Complaint, let alone a public building or government owned or operated health facility[3]. Lastly, there are no allegations that Defendants engaged at all in any proprietary functions in any regards

---

[2] MCL 691.1402 (Highway exception); MCL 691.1405 (Motor vehicle exception)
[3] MCL 691.1406 (Public building exception); MCL 691.1407(4) (Government hospital exception)

with the parties or matters at issue in this case[4].

Since Defendants were engaged in the exercise of a governmental function at all relevant times identified in Plaintiff's Complaint; and none of the exceptions apply, governmental immunity applies to bar all of the claims against Defendants. As such, Defendants request this Court to summarily dismiss all of Plaintiff's claims.

### IV.   The Court should dismiss any potential claims against the individual Defendants.

To the extent that Plaintiff's Complaint can be read to name an individual police office as a Defendant, they are entitled to qualified immunity under federal law and individual governmental immunity under state law.  Officials engaged in discretionary functions are generally shielded from individual liability for damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 US 800, 818, 102 S.Ct. 2727(1982); *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S. Ct. 3034 (1987).  Whether an official is entitled to qualified immunity is a question of law for the court to determine.  *Hunter v. Bryant*, 502 U.S. 224, 112 S. Ct. 534 (1991); *Harlow*, 457 U.S. at 818.  Qualified immunity protects an official who reasonably, even if mistakenly, acts in violation of a plaintiff's constitutional rights.  *Hunter*, 502 U.S. at 229.  Immunity applies whether due to a

---

[4] MCL 691.1413 (Proprietary function exception)

9

mistake of fact or law. *Pearson v Callahan,* 555 US 223, 231 (2009).  The burden of proof is on the plaintiff. *Rich v. City of Mayfield Hgts.*, 955 F.2d 1092, 1095 (6th Cir. 1992).  At all times throughout Plaintiff's Complaint, all of the individual officers were acting in their discretionary functions as police officers.  The officers were investigating criminal activities, and responding to the individual situations, and not violating Plaintiff's clearly established rights.

In addition, under Michigan Law, MCL 691.1407(2), each officer and employee of a governmental agency is immune from tort liability for an injury to a person caused by the officer, employee, or member while in the course of employment if: (a) the officer or employee was acting or reasonably believed he was acting within the scope of his authority; (b) the governmental agency is engaged in the exercise or discharge of a governmental function; and (c) the officer's or employee's' conduct does not amount to gross negligence that is the proximate cause of the injury or damage.  *See also Odom v. Wayne Co.*, 482 Mich. 459 (2008).  "Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."  MCL 691.1407(8)(a).  For an employee's gross negligence to be "the proximate cause" of an injury, it must constitute "the one most immediate, efficient, and direct cause of the injury or damage." *Robinson v. Detroit*, 462 Mich. 439, 462 (2000).

Here, Plaintiff's Complaint alleges liability based upon her arrest and convictions - activities that are governmental functions. *See, e.g.*, *Payton v. City of Detroit,* 211 Mich. App. 375 (1995) (holding that an arrest, detention and prosecution are all governmental functions). Moreover, Plaintiff has not pled and cannot plead that the conduct at issue amounted to gross negligence that was the proximate cause of Plaintiff's alleged damages.

Therefore, any of the Farmington Hills officers would be entitled to qualified immunity and/or governmental immunity Plaintiff's claims.

### V. Plaintiffs' claims are barred by the Rooker-Feldman Doctrine.

Under the Rooker-Feldman doctrine, federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Co. v Saudi Basic Indus. Co.,* 544 U.S. 280, 284; 125 S. Ct. 1517 (2005). In her Complaint Plaintiff first contends that this case was previously dismissed by the Honorable Judge James B. Brady of the 47th District Court. Plaintiff also contends that her conviction should have not been accepted by Judge Brady. This conviction and civil case in front of Judge Brady have not been overturned. To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, Plaintiff

must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 USC §2254.[5]

Thus, to the extent that Plaintiff seeks collateral review of any state court decision(s) or invites this Court to reject the state court's ruling(s), her claims are barred by the applicable abstention principles. and should be dismissed.

## CONCLUSION

Defendants respectfully request that this Court grant their Motion for Judgment on the Pleadings, dismiss all claims against Defendants with prejudice, and award Defendants their costs and attorney fees so wrongfully incurred in defending this action.

JOHNSON, ROSATI, SCHULTZ
& JOPPICH, P.C.

s/ KENNETH G. GALICA
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331-3550
kgalica@jrsjlaw.com
(248) 489-4100
(P27275)

Dated:  September 11, 2018

---

[5] *See also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) holding that a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Id*.

12

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 11, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: (none), and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: **Brandy Marie Liang, 31217 Country Ridge Circle, Farmington Hills, Michigan 48331.**

<u>s/ Donna Thomas</u>

13