UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDY M. LIANG,

       Plaintiff,

Case No. 18-12612

v.

HON. GEORGE CARAM STEEH

POLICE DEPARTMENT OF
FARMINGTON HILLS, 47TH
DISTRICT COURT, LAW OFFICES
OF DERRICK E. GEORGE, P.C.,
AND STATE OF MICHIGAN
UNIFORM LAW CITATION,

       Defendants.
_____/

OPINION AND ORDER GRANTING THE FARMINGTON
HILLS POLICE DEPARTMENT'S AND THE 47TH
DISTRICT COURT'S MOTION TO DISMISS [ECF NO. 11]

Defendants Farmington Hills Police Department and the 47th District Court move to dismiss plaintiff's complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Brandy M. Liang filed a response brief and defendants filed a reply. The court is familiar with the matter and does not believe it would be further aided by oral argument. For the reasons stated below, defendants' motion is GRANTED.

BACKGROUND FACTS

This action arises out of two interactions between plaintiff Brandy

Liang and the Farmington Hills Police Department. On June 17, 2018, plaintiff was charged with domestic violence for allegedly throwing a wedge sandal and a vacuum at her husband. On July 24, 2018, plaintiff was charged with larceny from a building. Plaintiff alleges that these incidents resulted in "discrimination, sexism, racism, violation of my constitutional amendments and civil rights, malicious intent, legal official malpractice, police misconduct, false reports and unethical charge regarding situation that occurred." ECF No. 1, Complaint.

The gist of plaintiff's complaint is that the Farmington Hills Police Department wrongfully arrested her, failed to inform her of her Miranda rights, and made false statements regarding the incident. Plaintiff further alleges that Judge Brady of the 47th District Court was negligent and defamed her.

Plaintiff also names the Law Offices of Derrick George, P.C. as a defendant. Plaintiff alleges that she hired attorney Derrick George to represent her in the incidents described above. The allegations made against Derrick George are all state law claims, including breach of contract, breach of warranty, misrepresentation, malpractice, unfair trade practices and interference with business relationship. It is not clear whether this defendant has been properly served, but in any case this

defendant has not yet filed an appearance and does not join in the pending motion to dismiss. Finally, plaintiff names the State of Michigan Law Citation. From the face of the complaint it is not clear what plaintiff alleges against this party, or whether this is a party capable of being sued. It also does not appear that plaintiff has properly served the State of Michigan Law Citation, nor has such entity appeared in the case.

LAW AND ANALYSIS

I. Standard of Review

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To survive a Rule 12(b)(6) motion for dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of*

*Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (*citing Bell Atlantic*, 550 U.S. at 555).

II.  Farmington Hills Police Department

Defendants seek dismissal of the Farmington Hills Police Department because the department is an instrument of the City and not a separate entity that is capable of being sued under 42 U.S.C. § 1983. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) ("[U]nder Michigan law, Van Buren Township Police Department is subsumed within Van Buren Township as a municipal entity to be sued under § 1983, and thus the Police Department was improperly included as a separate defendant in Boykin's suit."). Because the Farmington Hills Police Department is not an entity capable of being sued, plaintiff's claims against it are DISMISSED.

III.  Individual Defendants

A.  Governmental Immunity

Any claims for a violation of state law are barred by governmental immunity. Governmental Tort Liability Act, MCL 691.1407(1). The

individuals referred to in plaintiff's complaint, thought not named as defendants, were acting within their official capacity and were performing their official duties at all times identified. They were either serving as Farmington Hills officers or district court employees. As to Judge Brady, all the facts alleged against him stem from his actions on the bench. Therefore, all actions by the police officers and Judge Brady are governmental functions. A governmental function is any activity expressly or impliedly mandated or authorized by the constitution, statute, or other law. *Harrison v. Director of Dep't of Corrections*, 194 Mich. App. 446, 450 (1992).

For these reasons, plaintiff's state law claims against the individual government officials referred to in plaintiff's complaint are barred by governmental immunity.

B. Qualified Immunity

To the extent plaintiff's complaint can be read to name an individual police officer as a defendant, qualified immunity protects an official who reasonably, even if mistakenly, acts in violation of a plaintiff's constitutional rights. Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The purpose of qualified immunity is to provide government officials with "breathing room to make reasonable but mistaken judgments," and to protect "all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (internal citations and quotation marks omitted). The court determines whether an official should be held personally liable for an allegedly unlawful official action based on the "objective legal reasonableness" of their action, "assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

In general, lower level governmental officials and employees are immune from intentional tort liability if "(1) the . . . acts were taken during the course of employment and . . . the employee was acting, or reasonably believed he was acting, within the scope of his authority, (2) the acts were undertaken in good faith, and (3) the acts were discretionary, rather than ministerial, in nature." *Odom v. Wayne County*, 760 N.W.2d 217, 218 (Mich. 2008) (quoting *Ross v. Consumers Power Company*, 363 N.W.2d. 641, 667-68 (Mich. 1984)). Police officers are entitled to immunity under *Ross* if they act in good faith and honestly believe that they are acting within the scope of their duties. *Odom*, 760 N.W.2d at 228-29. On the other

hand, defendants acting with malicious intent are exposed to liability. *Id.* at 229.

Discretionary acts are those that require personal deliberation, resolution, and judgment. *Norris v. Lincoln Park Police Officers*, 808 N.W.2d 578, 581 (Mich. Ct. App. 2011). "Granting immunity to an employee engaged in discretionary acts allows the employee to resolve problems without constant fear of legal repercussions." *Odom*, 760 N.W.2d at 226. Police decisions regarding how to respond to citizens, how to safely defuse situations, and how to effectuate lawful arrests are discretionary. *Norris*, 808 N.W.2d at 581. All of the allegations contained in plaintiff's complaint involve individuals carrying out their discretionary governmental functions such as arresting and prosecuting plaintiff. There are no allegations in the complaint of any officer acting with malicious intent.

Therefore, the individual government officials referred to in plaintiff's complaint, though not named as defendants, are entitled to qualified immunity.

IV.  Rooker-Feldman Doctrine

Plaintiff challenges her conviction in 47th District Court. Under the Rooker-Feldman doctrine, the court may not entertain "cases brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, this court lacks the authority to review or reverse a state court judgment. To the extent that plaintiff seeks this relief, the court lacks jurisdiction over plaintiff's claims. *See Rowe v. City of Detroit*, 234 F.3d 1269, 2000 WL 1679474 (6th Cir. Nov. 2, 2000) ("The Rooker-Feldman doctrine provides that federal district courts generally lack jurisdiction to review and determine the validity of state court judgments, even in the face of allegations that "the state court's action was unconstitutional.").

All claims brought against the 47th District Court are DISMISSED.

V. Remaining Parties

Having dismissed the claims against the Farmington Hills Police Department, the 47th District Court, and any individuals intended to be named as defendants, the court now addresses the remaining two named defendants. All claims asserted against the Law Offices of Derrick George, P.C. are state law claims. Having dismissed the federal claims, this court declines to exercise its supplemental jurisdiction over any remaining state claims. Finally, plaintiff has not made any allegations against the State of Michigan Uniform Law Citation. In addition, it appears this is not an entity

capable of being sued, but rather a reference to a ticket that was given to plaintiff when she was arrested for domestic violence. As such, the court dismisses the claims made against the Law Offices of Derrick George, P.C. for lack of jurisdiction and dismisses the claims made against the State of Michigan Uniform Law Citation for failure to state a claim.

## CONCLUSION

For the reasons given above, defendants' motion to dismiss is GRANTED and plaintiff's claims are dismissed in their entirety.

SO ORDERED.

Dated: November 6, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 7, 2018, by electronic and/or ordinary mail and also on Brandy Marie Liang, 21032 Boulder Cir., Northville, MI 48167.

s/Barbara Radke
Deputy Clerk

---